UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SJS, INC., d/b/a EXPRESS PERSONNEL SERVICES, | } } } | |
| Plaintiff, | } } | |
| vs. | } } | |
| RECTICEL NORTH AMERICA, INC.; FALLS CITY PLACEMENT SERVICE, INC., d/b/a J.C. MALONE & ASSOCIATES, | } } } } } } | CASE NO: CV 07-B-1892-W |
| Defendants. | } } | |
| _____ | } } | |
| RECTICEL NORTH AMERICA, INC., | } } } | |
| Counter Claimant, | } } | |
| vs. | } } | |
| SJS, INC., d/b/a EXPRESS PERSONNEL SERVICES, | } } } | |
| Counter Defendant. | } } | |
| _____ | } } | |
| FALLS CITY PLACEMENT SERVICE, INC., d/b/a J.C. MALONE & ASSOCIATES, | } } } } | |
| Counter Claimant, | } } | |
| vs. | } } | |
| SJS, INC., d/b/a EXPRESS PERSONNEL SERVICES, | } } } | |
| Counter Defendant. | } | |

**MEMORANDUM OPINION**

This case is before the court on plaintiff SJS, Inc.'s ("SJS" or "Plaintiff") Motion to Remand. (Doc. 11.)[1] Upon consideration of the submissions of the parties, the court finds, for the reasons stated below, the motion is due to be granted.

**I.   Jurisdiction and Remand Standard**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).  A case originally filed in state court may be removed to federal court if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441(a). A non-removing party may, within thirty days after the filing of the notice of removal, move to remand the case on the basis of a defect other than lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "Because federal jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear."  *Beard v. Lehman Brothers Holdings, Inc.*, 458 F. Supp. 2d 1314, 1317 (M.D. Ala. 2006)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994)).

**II.   Factual and Procedural History**

Plaintiff originally filed this case in the Circuit Court of Tusaloosa County, Alabama, on September 18, 2007.  (Doc. 1, Ex. A.)  Defendant Recticel North America,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Inc. ("Recticel") was served with a Summons and Complaint on September 25, 2007, and timely removed this case on October 16, 2007. (Doc. 1.) Recticel's Notice of Removal stated that "[a]ll properly joined and served defendants have consented to the removal of this matter." (Doc. 1, p. 7, ¶ 18.) Only Recticel's attorneys signed the Notice of Removal. (Doc. 1, p. 8.)

On October 23, 2007, defendant Falls City Placement Services, Inc., doing business as J.C. Malone & Associates ("Malone"), made its initial appearance before this court. (*See* Doc. 6, *Pro Hac Vice* Motion by James M. Morris for Malone.) Also on October 23, 2007, Malone filed its Answer and Counterclaims (Doc.7.), Notice of Corporate Disclosure, and its Motion to Strike and Motion for Partial Dismissal (Doc. 9.), none of which consent to or otherwise address the removal of this case from state court.

Six days later, on October 29, 2007, Plaintiff filed its Motion to Remand. (Doc. 11.) Plaintiff argues and the record shows that Malone, care of its registered agent for service of process, was served with a summons and complaint by certified mail on September 26, 2007. (Doc. 1, Ex. A, p. 36, Certified Mail Return Receipt.) Plaintiff contends that Malone failed to meet a deadline thirty days from September 26, which is October 26, 2007, either to join Recticel's Notice of Removal or to file a separate notice of removal.

On October 29, Malone filed a Notice of Consent to Removal (Doc. 12.) in an "attempt to cure any alleged defect argued by Plaintiff" in its Motion to Remand. (Doc. 14, p. 2.) Plaintiff alleges that Malone's Notice of Consent to Removal was filed outside

of the requisite thirty day time period.[2]

Defendants Malone and Recticel raise several defenses to Plaintiff's Motion to Remand.  First, both defendants contend they have satisfied the statutory requirements for removal.  (Doc. 14, p. 4-8); Doc. 18, p. 2-4.)  Second, both Recticel and Malone argue that Malone's filing of various pleadings before the court are sufficient to establish consent to removal.  (Doc. 14, p. 7-8; Doc. 18, p. 3-4.)  Finally, Recticel requests that the court allow the defendants to file an Amended Notice of Removal to cure whatever defects in removal may have occurred.

### III.   Discussion

####    A.   Removal

Title 28 U.S.C. § 1446 governs the procedure for removal of cases from state to federal court.  "Defendants must file a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendants" in the appropriate United States District Court.  *Beard*, 458 F. Supp. 2d at 1317; *see* 28 U.S.C. § 1446(a).  The removal statute further requires that: "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

---

[2] In its Notice of Consent to Removal, Malone contended that it never received proper service of the Complaint and Summons, but instead, that it received a copy of the Complaint on September 27, 2007.  (Doc. 12 at 1.)  Thus, rather conveniently, Malone contends that the correct time period for filing its notice of removal began on September 27 and ended on October 27, a Saturday.  Thus, Malone argues that it did not have to file a notice of removal until Monday, October 29.  The court finds no merit in this argument.  Malone has failed to offer any proof of a failure of service, and the record in the case indicates clearly that service was completed on September 26.  (Doc. 1, Ex. A, p. 36.)

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Because removal constitutes an infringement on state sovereignty, courts must construe the requirements of the removal statutes strictly. *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000); *see also University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly."). "Failure to comply with the requirements of the removal statute generally constitutes adequate grounds for remand." *Id*. If a plaintiff challenges the validity of a defendant's removal petition, then the defendant bears the burden of demonstrating the propriety of removal. *Id*. "Where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures, the district court . . . cannot disregard an evident procedural defect, regardless of the triviality or inadvertent nature of the defect." *Beard*, 458 F. Supp. 2d at 1318.

    **B.**    **The Unanimity Requirement**

It is well-settled that "in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001). This "unanimity requirement" necessitates that, within thirty days of the date upon which it received service of the underlying summons and complaint, each defendant must either: (1) join in a notice of removal; or (2) file some timely written indication that it has consented to removal of the action. *Getty Oil Corp. v. Insurance Co.*

*of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988). "Courts now read the unanimity requirement into the statutory procedures for removal codified at 28 U.S.C. § 1446(a)." *Mulder v. Wilson*, 462 F. Supp. 2d 1214, 1215-1216 (M.D. Ala. 2006).

Although this court has previously found one party's assertion of consent to removal sufficient to satisfy the unanimity requirement,[3] it declines to do so again: "[I]t is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to the removal." *Newman*, 109 F. Supp. 2d at 1346 (M.D. Ala. 2000)(quotation omitted); *see Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N.D. Ala. 1996)("[I]n a civil action where there are several served defendants[,] the mere bald, unsupported assertion in a notice of removal by one removing defendant that all the other defendants consent to the removal fails to constitute a sufficient consent to the removal."); *see also Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004) ("Statutes that limit federal jurisdiction are always strictly construed against the removing party, and there is no shame in a plaintiff's insistence on full and complete compliance with them by a defendant who wants to flee to federal court."). "There must be some 'timely filed written indication from each served defendant, or from some person or entity

---

[3] This court has previously found that the general removal provisions of 28 U.S.C. § 1441(a) do not require each defendant to actually sign the same petition. *Kizzire v. General Motors Corp., Inc.*, 1996 WL 539739 at *1 (N.D. Ala. 1996). Denying plaintiff's motion to remand, this court stated that "nonpetitioning defendants may simply consent to the removal of the action, thereby satisfying the substantive requirement that the defendants be unanimous in their choice of a federal forum." *Id*. In *Kizzire*, one of two defendants filed a notice of removal, noting therein that the non-filing defendant consented to removal. *Id*. The non-filing defendant subsequently filed a written consent more than thirty days following removal. *Id*. This court declined to remand the case on the grounds that defendants had failed to satisfy the unanimity requirement. *Id*. The court now declines to reach a similar conclusion.

purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.'" *Newman*, 109 F. Supp. 2d at 1346 (quoting *Getty Oil Corp.*, 841 F.2d at 1262 n. 11). The purpose of the unanimity requirement is to prevent one party from choosing a forum for all. *Newman*, 109 F. Supp. 2d at 1346 (citing *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076-1077 (E.D. Wis. 1993)).

The record indicates that Malone was properly served on September 26, 2007. Malone accordingly had thirty days, beginning on September 26 and ending on October 26, 2007, to enter a timely filed written indication that it consented to removal. No such filing was made. Neither Malone's late filed consent nor its argument that the statement of consent contained in Recticel's Notice of Removal cures this defect. *Newman*, 109 F. Supp. 2d at 1346. Accordingly, this case is due to be remanded.[4]

### C. Filing of Answer Insufficient to Consent to Removal

In their respective responses to Plaintiff's Motion to Remand, both Recticel and Malone contend that Malone indicated its consent to removal through the filing of various pleadings and documents with this court. (Doc. 14, p. 7; Doc. 18, p. 3-4.) Contrary to the defendants' argument, consent to removal must be express, not implied. *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1321 (M..D. Ala. 2006)(noting that nowhere in defendant's pleadings was an there express consent to removal). "[T]he mere

---

[4] The Eleventh Circuit "has held that a remand based solely on the unanimity requirement 'is clearly based on a defect in the removal process.'" *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001)(quoting *In re Bethesda Mem'l Hosp. Inc.*, 123 F.3d 1407, 1410 & n.2 (11th Cir. 1997)).

filing of an answer by a party which does not join in the Notice of Removal is insufficient, without more, to unambiguously express consent to removal, because a wide variety o[f] potential motives, other than consent, could motivate filing an answer." *Id*; *see also Whetstone v. Fred's Stores of Tennessee, Inc.*, 2006 WL 559596 (M.D. Ala. 2006)("Given this wide variety of potential motives, . . . filing of an Answer, even within the 30-day time limit, is insufficient to express the unambiguous consent to removal required by law.").

The court finds that Malone's failure to comply with the time requirement of 28 U.S.C. § 1446(b) is not cured by the subsequent filing of an answer, or any other pleading, which contains no express consent to removal. *See Leaming v. Liberty University, Inc.*, 2007 WL 1589542 at *4 (S.D. Ala. 2007) (failure to satisfy the unanimity requirement is not cured by defendant's filing of an answer within the thirty day period after service of process, where the answer is silent on consent to removal)(citing *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1329 (M.D. Fla. 2003)); *see also Nathe v. Pottenberg*, 931 F. Supp. 822 (M.D. Fla. 1995)("In the notice of removal that is before the Court, each defendant did not join the removal within the required 30 days.  This defect in the removal notice is not cured by [defendant's] later filing of an answer.").

        D.      **Defendant May not Amend Notice of Removal**

As a final effort to avoid remand, defendant Recticel argues that the court should allow the filing of an amended Notice of Removal with Malone's express consent

contained therein. (Doc. 14, p. 9-11). This court disagrees. "Within the thirty day period set forth in Section 1446(b), a party may freely amend a removal petition. Title 28 U.S.C. § 1653 provides the only statutory method for amendment of removal petitions after the thirty-day period has lapsed." *Beard*, 458 F. Supp. 2d at 1321. By its terms, Section 1653 may not be used to cure a substantial defect in removal proceedings, such as failure to satisfy the unanimity requirement. *Id*. at 1322.

Although the defendants rely on several cases to support their argument that the court is free to allow the filing of an Amended Notice of Removal, this court is mindful of the Eleventh Circuit's edict that remand is to be favored whenever federal jurisdiction is not patently clear. Accordingly, Recticel's request that this court allow the filing of an Amended Notice of Removal is denied.

**IV.    Conclusion**

In consideration of this court's limited jurisdiction and the defendants' failure to satisfy the strict timely consent requirement of 28 U.S.C. § 1446(b), the court finds that Plaintiff's Motion to Remand is due to be granted. An order of remand will be entered contemporaneously with this Opinion.

**DONE** this the 30th day of September, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE