FILED

2009 Feb-23  PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| SJS, INC., d/b/a EXPRESS PERSONNEL SERVICES, } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | |
| } | |
| RECTICEL NORTH AMERICA, } | CASE NO: CV 07-B-1892-W |
| INC.; FALLS CITY PLACEMENT } | |
| SERVICE, INC., d/b/a J.C. } | |
| MALONE & ASSOCIATES, } | |
| } | |
| Defendants. } | |
| _____ } | |
| } | |
| RECTICEL NORTH AMERICA, } | |
| INC., } | |
| } | |
| Counter Claimant, } | |
| } | |
| vs. } | |
| } | |
| SJS, INC., d/b/a EXPRESS } | |
| PERSONNEL SERVICES, } | |
| } | |
| Counter Defendant. } | |
| _____ } | |
| } | |
| FALLS CITY PLACEMENT } | |
| SERVICE, INC., d/b/a J.C. } | |
| MALONE & ASSOCIATES, } | |
| } | |
| Counter Claimant, } | |
| } | |
| vs. } | |
| } | |
| SJS, INC., d/b/a EXPRESS } | |
| PERSONNEL SERVICES, } | |
| } | |
| Counter Defendant. } | |

<u>**MEMORANDUM OPINION**</u>

This case is before the court on Defendants' Joint Memorandum of Law in Support of Motion to Alter, Vacate, or Amend.  (Doc. 38.)[1]  Upon consideration of the parties' submissions, the court finds that Defendants' motion is due to be denied.

**I.      Rule 59 Standard**

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment within ten days after the entry of the judgment.  "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.  A Rule 59(e) motion cannot be used to relitigate old matters, raise [an] argument or present evidence that could have been raised prior to entry of judgment."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)(internal citations and quotations omitted).

**II.     Case Summary**

Plaintiff SJS, Inc. originally filed this case in the Circuit Court of Tusaloosa County, Alabama, on September 18, 2007.  (Doc. 1, Ex. A.)  Defendant Recticel North America, Inc. ("Recticel") was served with a summons and complaint on September 25, 2007, and timely removed this case on October 16, 2007.  (Doc. 1.)  Recticel's Notice of Removal stated that "[a]ll properly joined and served defendants have consented to the removal of this matter."  (Doc. 1, p. 7, ¶ 18.)  Only Recticel's attorneys signed the Notice of Removal.  (Doc. 1, p. 8.)

On October 23, 2007, defendant Falls City Placement Service, Inc., doing business

---

[1]  Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

as J.C. Malone & Associates ("Malone"), made its initial appearance before this court.

(*See* Doc. 6, *Pro Hac Vice* Motion by James M. Morris for Malone.)  Also on October 23,

2007, Malone filed its Answer and Counterclaims (Doc.7.), Notice of Corporate

Disclosure, and its Motion to Strike and Motion for Partial Dismissal (Doc. 9.), none of

which consent to or otherwise address the removal of this case from state court.

Six days later, on October 29, 2007, Plaintiff filed its Motion to Remand. (Doc.

11.)  Later that same day, Malone filed a Notice of Consent to Removal (Doc. 12.) in an

"attempt to cure any alleged defect argued by Plaintiff" in its Motion to Remand.  (Doc.

14, p. 2.)  The court held a hearing on April 15, 2008, to address the Motion to Remand

and other pending motions.  At the hearing, the court instructed both parties to file

additional submissions regarding service of process in this case and its effect upon the

Motion to Remand, which they did.  (Doc. 31 - 35.)

Upon consideration of the submissions of the parties, the court filed a

Memorandum Opinion on September 30, 2008, remanding the case to Tuscaloosa County

Circuit Court because of Defendants' failure to unanimously consent to removal.  (Doc.

36.)  Defendants subsequently filed a Joint Memorandum of Law in Support of Motion to

Alter, Vacate, Or Amend pursuant to FED. R. CIV. P. 59.  (Doc. 38.)  Plaintiff filed a

Response to Defendants' Joint Memorandum of Law in Support of Motion to Alter,

Vacate, or Amend.  (Doc. 40.)

## III.    Discussion

Defendants argue that the court failed to address three "factors necessary to a

proper adjudication of the remand issue: 1) service was not properly effectuated upon Malone when the Complaint was merely left with a receptionist; 2) that the burden was on the Plaintiff to assure that proper service was made on Malone; and 3) that a lack of proper service upon Malone's Agent for Service of Process resulted in Malone's Consent being timely filed of record on October 29, 2008." (Doc. 38, p. 2.)

In sum, Defendants argue that delivery of the summons and complaint to a receptionist, who stated in an affidavit that she does not have authority to act on behalf of the company, (doc. 32), was not effective service of process under Kentucky law. (Doc. 38, p. 5-9.) According to Defendants, because service of process was never properly performed, Malone's 30-day limit to consent to removal never began to run.

Defendants rely upon *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), to address the issue of when the 30-day time limit under 28 U.S.C. § 1446(b) for removal of an action begins to run. (Doc. 38, p. 3-5.) In *Murphy Bros.*, the Supreme Court held "that a named defendant's time to remove is triggered by simultaneous service of summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id*. at 347-48. The respondent commenced an action in Alabama state court on January 26, 1996, alleging breach of contract and fraud by the petitioner. *Id*. at 348. Respondent did not serve petitioner at that time, instead faxing a "courtesy copy" of the complaint three days later. *Id*. On February 12, 1996, respondent officially served petitioner "under local law by certified mail." *Id*. Thirty days after

4

service but 44 days after receipt of the "courtesy copy," petitioner removed the case to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1441.  *Id.*  Respondent moved to remand the case, arguing that the removal was untimely under 28 U.S.C. § 1446(b).  *Id.*  Addressing the issue of when the 30-day period for removal under 28 U.S.C. § 1446(b) begins to run, the Court distinguished among four different methods for the service of the summons and filing or service of the complaint:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once.  Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint.  Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing.  Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Id*. at 354 (citing *Potter v. McCauley*, 186 F. Supp. 146, 149 (D. Md. 1960).  Defendants thus correctly argue that this court must first determine whether there was effective service of process on Malone and at what point that service was complete.  (Doc. 38, p. 5.)

Contrary to Defendants' position, and as Plaintiff articulates, the court should determine whether service of process was effective under Alabama law, not Kentucky law.  (*See* Doc. 38, p. 5-9; Doc. 40, p. 3.)  Plaintiff commenced this action in the Circuit Court of Tuscaloosa County, Alabama.  Therefore, the Alabama Rules of Civil Procedure

apply,[2] and they permit service of process by certified mail.  ALA. R. CIV. P. 4(i)(2).  "In

the case of an entity within the scope of one of the subdivisions of Rule 4(c), the

addressee shall be a person described in the appropriate subdivision."  ALA. R. CIV. P.

4(i)(2)(B).  Rule 4(c)(6) provides that service shall be made on a "domestic or foreign

corporation . . . by serving an officer, partner (other than a limited partner), a managing or

general agent, or any agent authorized by appointment or by law to receive service of

process."  Such service is "deemed complete . . . from the date of delivery to the named

addressee or the addressee's agent as evidenced by signature on the return receipt."  ALA.

R. CIV. P. 4(i)(2)(C).  For purposes of this rule,

> "agent" means a person or entity specifically authorized by the addressee to
> receive the addressee's mail and to deliver that mail to the addressee.  Such
> agent's authority shall be conclusively established when the addressee
> acknowledges actual receipt of the summons and complaint or the court
> determines that the evidence proves the addressee did actually receive the
> summons and complaint in time to avoid a default.

*Id*.  Thus, the summons and complaint may be addressed to the registered agent of a

corporation, but service may be deemed complete when signed for by a person authorized

to receive the registered agent's mail.

Service of process under ALA. R. CIV. P. 4(i)(2) has previously been discussed in

*Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1238-40 (S.D. Ala. 2005).  The

---

[2]  Even assuming that the Federal Rules of Civil Procedure applied to service of process
in this case, which they do not, this court could still apply the Alabama Rules of Civil Procedure.
Fed. R. Civ. P. 4(h) provides that service of process on a corporation may be served in the same
manner as for individuals under Rule 4(e)(1), which allows for service of process "following
state law for serving a summons in an action brought in courts of general jurisdiction in the state
*where the district court is located* or where service is made . . . ."

summons and complaint in *Alfa Corp.* were sent by certified mail to "Alfagres, S.A." at an address listed in promotional materials as the company's Miami office, *id.* at 1238, although the company was based in Columbia.  *Id*. at 1233.  A woman who had previously held herself out as an employee of the corporation signed the return certificate. *Id*. at 1238.  The court found that this service of process "was in substantial compliance with the Federal and Alabama Rules of Civil Procedure" and that any defects were non-prejudicial.  *Id*. at 1239.  Relying on testimony that mail sent to the Miami office was forwarded to corporate headquarters, the court disagreed with the corporation that the woman who accepted service was not an agent authorized do so.  *Id*. at 1239.  Her "signature was sufficient to comply with the requirements of ALA. R. CIV. P. 4(i)(2)(C)."

The evidence of proper service of process in this case is even stronger than the evidence in *Alfa Corp.*  The parties do not dispute that Sarah A. Kaiser-Vaught, a receptionist at Malone, signed the return receipt when the summons and complaint were delivered to Malone by certified mail on September 26.  (Doc. 32; Doc. 1, Ex. A, p. 36.) Following routine, Kaiser-Vaught left the envelope on her desk and the accounts payable manager picked it up.  (Doc. 32, p. 2.)  He "normally collects the mail and delivers that mail to the appropriate internal mail boxes, and, at some point, [sets it] in the area where the company's president receives regular incoming mail."  (Doc. 32, p. 2.)  Joseph C. Malone, the corporation's registered agent, actually received the envelope on September 27, the day after Kaiser-Vaught signed for it.  It is evident from these facts that Kaiser-Vaught was authorized to receive mail on behalf of the corporation's registered agent,

Joseph C. Malone.  (Doc. 32.)  Joseph C. Malone acknowledged that he actually received the summons and complaint, (doc. 31, p. 2), which conclusively establishes Kaiser-Vaught's status as an agent under ALA. R. CIV. P. 4(i)(2)(C).

Service of process was completed on September 26 with Kaiser-Vaught's signature.[3]  ALA. R. CIV. P. 4(i)(2)(C).  Accordingly, under *Murphy Bros.*, the 30-day period for removal began to run at once.  *Murphy Bros.*, 526 U.S. at 354 ("if the summons and complaint are served together, the 30-day period for removal runs at once").  Malone had 30 days in which to file notice of or consent to removal, and it failed to meet that October 26 deadline.

## IV.   Conclusion

The court correctly ruled that service was completed on September 26 and Malone had 30 days running from that date either to file notice of or consent to removal.  Thus, there is no manifest error of law or other grounds on which to grant Defendants' Motion to Alter, Vacate, or Amend under Rule 59, and the Motion is due to be denied.

**DONE** this the 23rd day of February, 2009.

*Sharon Lovelace Blackburn*

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]  Contrary to Defendants' position, the truncation of "Joseph C. Malone" and "J.C. Malone and Associates" on the summons does not invalidate otherwise proper service of process. *See Moore v. Moore*, 424 So. 2d 1312, 1314 (Ala. Civ. App. 1982) ("misdescription" of "Fannie Louise Moore" as "Frances Louise Moore" on summons and complaint insufficient to invalidate service of process).